Daniel E. Macken, J.
By order of this court the parties to these actions have been directed to show cause why an order should not be made (1) granting the Superintendent of Insurance leave to intervene in these actions; (2) dismissing both actions on the ground that the Superintendent has exclusive jurisdiction to liquidate the trust fund herein pursuant to article XVI of the Insurance Law; and (3) for such other and further relief as to this court shall seem just and proper.
Upon the argument, all parties conceded that the fund, which is the subject of this litigation, is one subject to supervision and examination by the Superintendent of Insurance; that the fund should be liquidated; and that the Superintendent may properly apply to this court for an order directing him to liquidate the fund pursuant to article XVI of the Insurance Law.
The Superintendent of Insurance takes the position that he has the exclusive right to initiate and conduct liquidation proceedings. The defendants in a joint memorandum urge that the court dismiss the pending actions and direct the Superintendent to proceed with the liquidation. The plaintiffs take the position that while the Superintendent may apply for an order directing liquidation, he is not required to; that in this proceeding the Superintendent has not applied for such an order and, that absent such an application, the motion to dismiss the pending actions is.premature. The plaintiffs also seem to take the position that the Superintendent’s right to conduct liquidation proceedings is not necessarily exclusive and that in view of the point to which the previously commenced accounting proceeding has progressed, the court in its discretion might deny an application by the Superintendent for a liquidation order and permit the pending actions to continue.
While I am quite certain that at least if he chooses to assert it, the Superintendent of Insurance has the exclusive right to liquidate this fund, I do not find it necessary to so decide since I am convinced that in the exercise of discretion the fund should be liquidated by the Superintendent.
*669 I have considerable doubt, however, as to the right of the Superintendent to intervene and move in these actions unless the application is made simultaneously with an application for an order of liquidation or following the making of such an order. The injunctive power given this court by section 528 of the Insurance Law, by the terms of that section, seems to be so conditioned. In their memorandum, plaintiffs state that they have proposed to counsel for the Superintendent that it be stipulated that the present application be considered as one for an order of liquidation under article XVI and that counsel for the Superintendent has declined to so stipulate. Plaintiffs now consent that this court treat the instant motion as an application for an order of liquidation. No reason is apparent to me why the Superintendent should not so stipulate or, for that matter, why such an application was not incorporated in this proceeding. Since all of the parties seek a prompt liquidation of the fund, I shall consider the Superintendent’s prayer for “ such other and further relief as to this Court shall seem just and proper ” an application for an order of liquidation. Accordingly, the Superintendent’s application for permission to intervene is granted and the Superintendent is directed to prepare and enter an order of liquidation.
It seems to me that all of the issues encompassed in the pending actions may be resolved in the liquidation proceeding and I see no reason for continuing the actions. While no specific authority has been brought to my attention authorizing their dismissal, it seems to me that the power conferred by section 528 to enjoin the commencement or prosecution of actions is sufficiently broad in these circumstances to authorize their dismissal and the order may so provide. The order shall further provide that the Referee heretofore appointed by this court to state the account, be suitably compensated for his services to date and that the parties to the pending actions be permitted to submit to the liquidator any claims which they may have for expenses arising out of said actions, the propriety and validity of any such claims to be determined in accordance with law.
Since the parties are in agreement that the fund be liquidated, there appears no need for the hearing required by section 526 of the Insurance Law in order to direct the liquidation. If the parties are unable to agree upon the form of the order to be entered, this court will consider any application for further or other relief on an application upon notice to settle the order.